**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

GFI CONSULTANTS LIMITED                                    Chapter 15

      Debtor in a Foreign Proceeding.                    Case No.:

_____/

**VERIFIED MOTION FOR ORDER GRANTING**
**RECOGNITION OF FOREIGN MAIN PROCEEDING**
**PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

Stephen Richard Penn (the "Liquidator"), the duly appointed judicial administrator of GFI

Consultants Limited (the "Debtor" or "GFI Consultants"), files this *Verified Petition for Order*

*Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the*

*Bankruptcy Code* (the "Verified Motion"), seeking entry of an Order granting (i) recognition of

the Debtor's court-approved liquidation pending before the High Court of Justice, Chancery

Division, Birmingham District Registry (the "UK Court") as Insolvency No. 6647 of 2013 (the

"UK Proceeding"), pursuant to 11 U.S.C. § 1517[1]; (ii) related relief pursuant to sections 1520 and

1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under

the Bankruptcy Code.  In support of the Verified Motion, the Liquidator respectfully states as

follows:

**PRELIMINARY STATEMENT**

1.      The Liquidator files the Verified Chapter 15 Petition for Recognition of a Foreign

Proceeding (the "Petition") pursuant to section 1504 of the Bankruptcy Code seeking recognition

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. §
101 *et seq.* (the "Bankruptcy Code").

of the UK Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2.      The Declaration of Stephen Richard Penn (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.      The Order granting the wind-up of the Debtor pursuant to the Insolvency Act of 1986, and the certificate appointing Stephen Richard Penn as liquidator of the Debtor are attached hereto as Composite **Exhibit "B".**

4.      The Debtor's Statement of Corporate Ownership under Fed. R. Bankr. P. 1007(a)(4) and 7007.1 was filed concurrently with this Motion.

5.      The Petition, this Verified Motion, and the accompanying Declaration demonstrate that the UK Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

**6.**      The Liquidator seeks the type of relief that Chapter 15 was designed to provide, and the UK Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## <u>JURISDICTION AND VENUE</u>

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 of the Bankruptcy Code.

8.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

9.      The United Kingdom (the "UK") is the Debtor's center of main interests, as the Debtor is incorporated in the UK and has a registered office in the UK.

10.      Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the

Liquidator holds in this district approximately $1,200 deposited on retainer with Sequor Law, P.A.

## **BACKGROUND**

11.    GFI Consultants was formed on 2010 by Junie Conrad Omari Bowers ("Bowers") and Andrew Nathaniel Skeene ("Skeene") as an investment scheme involving the sale of teak plantation plots in Belem, a city in northern Brazil.  Ex. A ¶ 6.  GFI Consultants was just one of several Ponzi scheme vehicles set up by Bowers and Skeene to defraud investors around the world.[2]  Id.  Currently, the Serious Fraud Office, a specialist prosecuting authority tackling complex fraud in the UK, is investigating the Debtor, Bowers, Skeene and related entities for fraud and other financial crimes.  Id.

12.    During the Liquidator's investigations of the business and affairs of GFI Consultants, the Liquidator uncovered that the Debtor received at least GBP 27.4million from investors.  Id. ¶ 7.  Of those investment funds, at least GBP 13.6 million was transferred to personal accounts of Bowers and Skeene, including GBP 1.47million sent to bank accounts believed to be controlled by Bowers and Skeene in Dubai.  Id.  Bowers and Skeene alsodirected approximately GBP 9 million to other UK companies referred to as "Escrow Agents" for the alleged purpose of repaying investors of other fraudulent schemes.  Id.

**13.**    The Liquidator's investigations have also unveiled other transactions involving the Debtor or assets of the Debtor as well as payments made to individuals or companies in the United States involving assets of the Debtor.  Id. ¶¶ 9–12.

---

[2]  Bowers and Skeene operated Ponzi schemes throughout the world and targeted predominantly UK pension holders and investors.  Bowers and Skeene filed for bankruptcy proceedings in England on July 29, 2014.  In their bankruptcy cases, Bowers and Skeene disclosed unsecured debts totaling GBP 5.2 million and GBP 3.3 million respectively.  However, they both disclose minor assets, worth GBP 100,000 and GBP 30,000, respectively, with which to satisfy their creditor claims.  Further, they each listed monthly incomes of GBP 10,000 per month prior to the deductions for monthly expenses.  Consequently, Bowers and Skeene were discharged from bankruptcy on January 4, 2016.

**BASIS FOR RECOGNITION**

14.      The Liquidator has satisfied each of the requirements for recognition of the Debtor and the Liquidator under Chapter 15 of the Bankruptcy Code, as follows:

(a)      The Liquidator qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as liquidator by the UK Court in the UK Proceeding, which grants him the power to, among other things, administer and supervise the liquidation of the Debtor's assets on behalf of the estate's creditors, to investigate the actual causes of the liquidation, and when necessary, after being authorized by the judge, to pursue causes of action for the benefit of creditors.  Implicit within the powers granted to him under the Insolvency Act of 1986, the Liquidator may file auxiliary insolvency proceedings abroad and be recognized as the foreign representative for the liquidation of the Debtor under the laws of the United Kingdom.  See Ex. B.

(b)      The UK Proceeding qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in an UK court under the bankruptcy laws of the United Kingdom for the purpose of liquidation. See Ex. B.

(c)      The UK Proceeding further qualifies as a "foreign main proceeding" because the UK Proceeding is a foreign proceeding pending in Birmingham, England, which is the Debtor's center of main interest.

(d)      To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the law firm Sequor Law, P.A.

(e)      Lastly, this Verified Motion is accompanied by the UK Court's orders

granting the court-approved liquidation of the Debtor and appointing the Liquidator as liquidator. See Ex. B.  Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith.  See Ex. A & C.

## RELIEF REQUESTED

15.     By this Verified Motion, the Liquidator respectfully requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "C"**, granting the following relief:

(a)     Recognizing the UK Proceeding as a "foreign main proceeding" and the Liquidator as the Foreign Representative of the Debtor;

(b)     Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)     staying the commencement or continuation of any action or proceeding without the consent of Liquidator concerning rights, obligations or liabilities of the Debtor and the Debtor's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)     staying execution against the Debtor, to the extent not stayed under § 1520(a);

(3)     suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under section 1520(a);

(4)     providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor

and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including

Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)    entrusting the administration or realization of all of the assets of the Debtor

within the territorial jurisdiction of the United States to the Liquidator;

(6)    entrusting the distribution of all or part of the assets of the Debtor located

within the United States to Liquidator;

(7)    otherwise granting comity to and giving full force and effect to the Orders

of the UK Court, including, without limitation, those attached hereto as **Exhibits "B"**; and

(d)    granting the Liquidator such other and further relief as this Court may deem just

and proper.

## <u>CONCLUSION</u>

WHEREFORE, the Liquidator respectfully requests that the Court enter an Order granting

the relief requested herein and such other and further relief as the Court deems just and proper.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

Executed in _____ on August 7th, 2017

Stephen Richard Penn

Doncaster, DN4 8QG

Dated: August _, 2017

Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
          jmendoza@sequorlaw.com

By:    /s/ Gregory S. Grossman
       Gregory S. Grossman
       Florida Bar No.: 896667
       Juan J. Mendoza
       Florida Bar No.: 113587

*EXHIBIT "A"*

SEQUOR LAW, P.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

GFI CONSULTANTS LIMITED                              Chapter 15

      Debtor in a Foreign Proceeding.                    Case No.:
_____/

**DECLARATION OF STEPHEN RICHARD PENN IN SUPPORT OF**
**CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING**

      I, Stephen Richard Penn, hereby declare under penalty of perjury under the laws of the

United States as follows:

      1.      I am over the age of 18 and I am competent to make this Declaration.  All statements

contained herein are true and correct to the best of my knowledge and belief, my review of the

relevant documents and from conversations with relevant personnel.  If called upon, I could testify

as to all matters set forth in this Declaration based upon my own personal knowledge, except for

those portions specified as being otherwise.

      2.      This Declaration is submitted in support of the Chapter 15 Petition for Recognition

of a Foreign Proceeding (the "Petition")[1] and the Verified Motion for Order Granting Recognition

of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Verified

Motion"), seeking entry of an Order granting (i) recognition of the UK Proceeding as a "foreign

main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief under

sections 1520, 1521; and (iii) other applicable relief under the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them
in the Verified Motion.

3.      On December 12, 2013, a petition was filed in the High Court of Justice, Chancery Division, Birmingham District Registry (the "UK Court"), on behalf of GFI Consultants Limited ("GFI Consultants" or the "Debtor"), under Insolvency No. 6647 of 2013 (the "UK Proceeding"). On March 3, 2014, the UK Court ordered the commencement of the bankruptcy proceeding of the Debtor.  On March 13, 2014, I was appointed as liquidator ("Liquidator") of GFI Consultants.

4.      As liquidator of the Debtor, I have to power to administer and supervise the liquidation of the Debtor's assets, to investigate the actual causes of the liquidation, and when necessary, after being authorized by the judge, to pursue causes of action for the benefit of creditors.  The powers bestowed upon me as liquidator also include the power to file any auxiliary proceedings abroad on behalf of GFI Consultants.  Accordingly, I have authority to act as the Debtor's foreign representative to seek Chapter 15 recognition of the UK Proceeding.

5.      For the reasons set forth below, I am advised of the following: (i) that I am a duly appointed "foreign representative" of the UK Proceeding and that the UK Proceeding constitutes a "foreign proceeding" within the meaning of subsections 101(23) and (24) of the Bankruptcy Code, respectively; (ii) that this case was properly commenced in accordance with the requirements of the Bankruptcy Code; and (iii) that the UK Proceeding satisfies all the requirements to be recognized as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code.

## BACKGROUND

6.      GFI Consultants was formed in 2010 by Junie Conrad Omari Bowers ("Bowers") and Andrew Nathaniel Skeene ("Skeene") to purportedly serve as an investment scheme involving the sale of teak plantation plots in Belem, a city located in northern Brazil.  Bowers and Skeene operated various Ponzi schemes throughout the world and predominantly targeted British

individuals with personal or pension savings.  GFI Consultants was just one of several Ponzi scheme vehicles set up by Bowers and Skeene to defraud investors around the world.[2]  Currently, the Serious Fraud Office, a specialist prosecuting authority tackling complex fraud in the UK, is investigating GFI Consultants, Bowers, Skeene and other related entities.

7.      During my investigation of the business and affairs of GFI Consultants, I discovered that GFI Consultants received at least GBP 22.2 million from investors.  Of those investment funds, at least GBP 13.6 million was sent to personal accounts of Bowers and Skeene, including GBP 2.4 million sent to bank accounts believed to be controlled by Bowers and Skeene in Dubai.  Bowers and Skeene also directed approximately GBP 9 million to companies in the UK, referred to as "Escrow Agents," for the alleged purpose of repaying investors of other fraudulent schemes.

## Debtor's Grounds for Recognition

8.      As Liquidator, I am bestowed with the power to, among other things, investigate the business and affairs of the Debtor for purpose of recovering assets for the benefit of the creditors.  This includes pursuing any available causes of action.  To that end, as explained below, I have learned of numerous individuals and companies that have engaged in transactions with GFI Consultants, Bowers, Skeene or other related entities.

9.      I have identified particular individuals and entities in the United States that I believe have information relevant to my ongoing investigation and recovery efforts for the estate and would see to exam those witnesses and obtain production of documents from them as well.  The

---

[2]  Bowers and Skeene operated Ponzi schemes throughout the world and targeted predominantly UK pension holders and investors.  Bowers and Skeene filed for bankruptcy proceedings in England on July 29, 2014.  In their bankruptcy cases, Bowers and Skeene disclosed unsecured debts totaling GBP 5.2 million and GBP 3.3 million respectively.  However, they both disclose minor assets, worth GBP 100,000 and GBP 30,000, respectively, with which to satisfy their creditor claims.  Further, they each listed monthly incomes of GBP 10,000 per month prior to the deductions for monthly expenses.  Consequently, Bowers and Skeene were discharged from bankruptcy on January 4, 2016.

individuals identified have worked for, rendered services for, and have facilitated the Debtor's operations in furtherance of the Ponzi Scheme. These individuals have engaged in numerous transactions within the United States with entities related to the Debtor, Bowers and Skeene or involving assets related to the Debtor.

10.      Additionally, I have learned through other investigations that assets of the Debtor were transferred to Bowers and Skeene through foreign entities and individuals. As a result, I need to investigate the nature and extent of any activities undertaken in the United States, including those described above, that may be related to the Debtor and to the assets of the Debtor. Also, I need to investigate the possibility that assets in the United States may have been acquired using funds of the Debtor.

11.      Thereafter, I hope to make recoveries to the extent possible, including by filing actions and asserting such proprietary claims as may be available to me in the United States. I may also bring claims against any third parties that are subject to suit and may have damaged or owe money to the Debtor in the United States, which may be subject to tracing claims.

12.      The result of the actions described above for which recognition of the UK Proceeding is sought will benefit the creditors because such recognition will permit creditors of GFI Consultants further recovery opportunities in order to collect on their claims.

### Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)

13.      Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4), I hereby disclose the following information:

a.   I, Stephen Richard Penn, am the duly appointed "liquidator" in the UK Proceeding and the authorized foreign representative of the Debtor;

b.   My address is as follows:

Stephen Richard Penn
Absolute Recovery Limited
1st Floor, Block A
Loversall Court
Clayfields, Tickhill Road
Doncaster, DN4 8QG

For purposes of this Bankruptcy Case, I respectfully request that any correspondence be sent, in addition to the address provided above to:

Attn:  Gregory S. Grossman
Juan J. Mendoza
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

c.  The Debtor is not a party to litigation in the United States.

d.  No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time.  However, the Liquidator, as foreign representative of the Debtor, reserves the right to seek provisional relief as needed.

### Section 1515(c) Statement

14.    Other than this Chapter 15 Petition, I am not aware of any foreign proceedings of the Debtor, as that term is defined under section 101(23) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 7 th of August, 2017

Stephen Richard Penn

Liquidator of GFI Consultants Limited, company in
court-approved liquidation.

*EXHIBIT "B"*

# Company Winding Up Order

| In The High Court of Justice Chancery Division Birmingham District Registry | |
|---|---|
| Insolvency Number | 6647 of 2013 |
| Company | Gfi Consultants Limited |

**Before District Judge Griffith**

Sitting in court on 3 March 2014

In the matter of GFI Consultants Limited

**And in the matter of the Insolvency Act 1986**

Upon the Petition of Gabelle Llp

Presented to the court on 12 December 2013

Upon hearing the Solicitor for the Petitioning Creditor and Counsel for Debtor Company

And upon reading the evidence

And the Court being satisfied on the evidence that the EC Regulation does apply that these proceedings are main proceedings as·defined in Article 3 of the EC Regulation.

It is ordered that GFI Consultants Limited be wound up by this Court under the provisions of the Insolvency Act 1986

Dated 3 March 2014
Note: The official receiver attached to the court by virtue of this order liquidator of the company.



The court office at Birmingham County Court, Civil Justice Centre, The Priory Courts, 33 Bull Street, Birmingham, B4 6DS is open by appointment Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number. Tel: 03001231751 (8:30-17:00)

Produced by:Mr V Bali

Insolvency Order                O_11_1_2_3_4

Reference: **LQD4105037**                                                    **IPSSC**

IN THE BIRMINGHAM DISTRICT REGISTRY                                6647 of 2013

## IN THE MATTER OF

## GFI CONSULTANTS LIMITED

## IN LIQUIDATION

## AND IN THE MATTER OF THE INSOLVENCY ACT 1986

**THIS IS TO CERTIFY** that

Mr S R PENN of Absolute Recovery Limited of First Floor, Block A, Loverall Court, Clayfields, Tickhall Road, Balby, DONCASTER, South Yorkshire, DN4 8QG

has been appointed as liquidator of GFI CONSULTANTS LIMITED with effect from 13 March 2014 .

On behalf of the Secretary of State

Date. 13 March 2014



*EXHIBIT "C"*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

GFI CONSULTANTS LIMITED                    Chapter 15

      Debtor in a Foreign Proceeding.          Case No.:
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF**
**THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ ____, 2017 (the "Hearing"), upon the

Verified Motion for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 (the

"Verified Motion")[1] [ECF No. ___], of Stephen Richard Penn ("Liquidator"), the duly appointed

Liquidator of GFI Consultants Limited (the "Debtor"), seeking recognition and related relief

pursuant to Chapter 15 of the Bankruptcy Code of the Debtor's court-approved liquidation pending

before the High Court of Justice, Chancery Division, Birmingham District Registry (the "UK

Court") as Insolvency No. 6647 of 2013 (the "UK Proceeding").  The Court, having considered

the Petition, the Verified Motion, and their respective attachments, the argument of counsel, and

being otherwise duly informed, makes the following Order.

The Court finds:

A.      Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was

given by the Foreign Representative as directed by this Court.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      The Liquidator qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.      Liquidator has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The UK Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The UK Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The UK Proceeding is pending in the city of Birmingham, England, United Kingdom.  England is the country where the Debtor has its center of main interests and, accordingly, the UK Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      The Liquidator is entitled to all relief provided under 11 U.S.C. § 1520, without limitation.

L.      The Liquidator is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.     The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1.     The UK Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.     The UK Proceeding and the Orders of the UK Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  This includes without limitation, the Orders attached to the Verified Motion commencing the UK Proceeding and appointing the Penn as Liquidator.

3.     The Liquidator is entrusted with the full administration and realization of all or a part of the estate and assets of the Debtor within the territorial jurisdiction of the United States.

4.     The Liquidator shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.     The provisions of 11 U.S.C. § 1520 apply, without limitation, to this proceeding.

6.     All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate located in the United States.

7.     All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8.     All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, any assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

3

9.      All persons and entities provided notice of the Chapter 15 Petition and the Hearing

thereon who are in possession, custody or control of property, or the proceeds thereof, of the

Debtor or the Debtor's bankruptcy estate located within the territorial jurisdiction of the United

States, shall immediately advise the Liquidator by written notice sent to the following addresses:

Attn: Stephen Richard Penn
Absolute Recovery Limited
1st Floor, Block A
Loversall Court
Clayfields, Tickhill Road
Doncaster, DN4 8QG

With a copy to:

Attn: Gregory S. Grossman
Juan J. Mendoza
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and

how such property or proceeds came into the custody, possession or control of such person or

entity; and (iii) the full identity and contact information for such person or entity.

10.     The Liquidator is authorized to examine witnesses, take evidence or seek the

delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor

or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy

Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule

2004-1, without further order of this Court.

11.     The Liquidator is further authorized to operate and may exercise the powers of a

Liquidator under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     This Court shall retain jurisdiction with respect to the enforcement, amendment or

modification of this Order, any requests for additional relief or any adversary proceeding brought

4

in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

13.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

14.     The Liquidator is directed to serve a true and correct copy of this Order by electronic filing via the CM/ECF system with the Clerk of Court upon those persons or entities who have appeared by counsel and requested electronic notification of filings in this case and United States mail, first class postage prepaid, upon any other known creditors in the United States, and any other person or entity known to have dominion and control over assets of the Debtors in the United States, all of which shall be sufficient to give notice of this Order.

15.     A motion to vacate or to dismiss this Order or otherwise object to recognition may be filed no later than the 60th day after the first date that any person or entity receives notice of this Order.

# # #

Submitted by:

Gregory S. Grossman, Esq.
Juan J. Mendoza, Esq.
SEQUOR LAW
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@sequorlaw.com
jmendoza@sequorlaw.com
Juan J. Mendoza shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.